

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00012-CR

———————————————

ALFREDO CHAIREZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1685106D

Before Birdwell, Kerr, and Bassel, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Alfredo Chairez pleaded guilty to violating a bond or protective order twice within a twelve-month period, a third-degree felony, in exchange for three years' deferred adjudication community supervision. *See* Tex. Penal Code Ann. § 25.072(e). Around a month later, the State petitioned to proceed to adjudication, alleging that Chairez had committed four violations of his community-supervision conditions. Chairez pleaded "true" to the State's allegations, and the trial court found them true, adjudicated him guilty, and sentenced him to five years' confinement.

Chairez's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*,[1] representing that he has "been unable to find any potential error in the record that would warrant reversal" and has "determined that the instant case presents no nonfrivolous issues for appeal." Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Chairez filed two pro se responses to the *Anders* brief, but his responses do not reveal any legitimate grounds for direct appeal. The State did not file a brief but noted in a letter that it agreed with counsel that there were no meritorious grounds for appeal.

---

[1] 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. Except for our corrections to the bill of costs addressed below, we agree with counsel that the appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

In the trial court's judgment adjudicating guilt, the trial court gave Chairez credit for time served for the $290 in court costs and $55 in reimbursement fees; the trial court also waived $470 in attorney's fees. The bill of costs, however, reflects that Chairez owes these amounts. We correct the bill of costs to match the judgment, *see Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.), grant counsel's motion to withdraw, and affirm the trial court's judgment.[2]

---

[2]If Chairez wishes to pursue further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or file a pro se petition for discretionary review. *See Khondoker v. State*, No. 02-14-00461-CR, 2015 WL 5634244, at *2 (Tex. App.—Fort Worth Sept. 24, 2015, no pet.) (mem. op., not designated for publication). Any petition for discretionary review must be filed within thirty days after the date of this court's judgment or the date the last timely motion for rehearing, or timely motion for

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 27, 2023

en banc reconsideration, is overruled by this court. *See* Tex. R. App. P. 68.2. Additionally, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals and should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 68.3(a), 68.4.